IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-103 |
| SEAN MOORE | : | |

## UNITED STATES' PLEA MEMORANDUM

### Introduction

Defendant Sean Moore, through counsel, has indicated his desire to plead guilty pursuant to a plea agreement. Under plea agreement, Moore will plead guilty to Count One of the indictment, charging him with accessing child pornography with intent to view child pornography, in violation of 18 U.S.C. §2252(a)(4)(B), all arising from the defendant's use of his cell phone to access an internet site on December 30, 2015, and then viewing videos from that site displaying images of minors engaged in sexually explicit conduct. The Court has scheduled Moore's guilty plea hearing for Wednesday, April 26, 2017, at 2:00 PM.

### I.     MAXIMUM PENALTY

The Court may impose the following statutory maximum sentence: Count 1 (access with intent to view child pornography):  20 years imprisonment, a $250,000 fine, a minimum of five years of supervised release up to a lifetime of supervised release, restitution, forfeiture, and special assessments of $100 and $5,000.

If the defendant violates a condition of supervised release, he may be sentenced to up to

an additional two years imprisonment. If the defendant commits another enumerated child exploitation offense while on supervised release for this offense he will serve a minimum of 5 additional years imprisonment up to imprisonment for the length of his original supervised release term, without credit for any time already served on supervised release. 18 U.S.C. § 3583(k).

## II. ELEMENTS OF THE OFFENSE

To prove a violation of 18 U.S.C. § 2252(a)(4)(B), access with intent to view child pornography, as relevant here, the government must show:

1. The defendant knowingly accessed matter, such as an internet website, with the intent to view a visual depiction of a minor engaged in sexually explicit conduct;

2. The defendant knew the visual depiction showed a minor engaged in sexually explicit conduct;

3. The defendant knew that production of such visual depiction involved the use of a minor engaged in sexually explicit conduct; and

4. The visual depiction had been shipped or transported using any means or facility of interstate or foreign commerce, including by computer.

For the enhanced penalty the government must further show:

5. At least one visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age.

## III. FACTUAL BASIS FOR PLEA

If this case were to proceed to trial, the government would be able to prove each element of the crime charged beyond a reasonable doubt. The government's evidence would consist of both testimonial as well as physical evidence. The government would prove the

2

following:

This investigation began in 2015 when the agents of Homeland Security Investigations (HSI) were asked to assist Canadian authorities in an investigation of an individual who between 2012 and 2014 had used the messaging app called Oovoo, with an account ID of bangsmoore82, and the messaging app called KIK, with an account of ig_hottest_shoutout, to contact minor females in Alberta, Canada.  HSI agents, by identifying the IP addresses used to connect to Oovoo, identified Moore's residence in Colmar, PA, as the location from which Oovoo transmissions were made by the account bangsmoore82.  HSI agents also used IP addresses which the account ig_hottest_shoutout used to connect to KIK in November and December 2014, to determine that those connections also came from Moore's residence.  The investigation also identified additional evidence that Moore was the person making the KIK transmissions, including a photo he sent of himself and a photo Moore sent with a tattoo that he wore.

Records from KIK showed that the person using the account ig_hottest_shoutout transmitted still images of minors engaged in sexually explicit conduct, produced using minors engaged in such conduct, on December 23, 2014.

Based on this and other evidence, HSI agents sought and obtained a federal search warrant for Moore's residence.  Agents executed the warrant on March 23, 2016.

Among the items seized pursuant to the search warrant was Moore's Samsung smart phone.  A forensic examiner analyzed the contents of the Samsung phone.  The examiner found videos in an area of the phone known as "Dropbox cache."  The videos being in the Dropbox cache section of the cell phone meant that the cell phone was used to download and view the videos from an account on the internet site called Dropbox, which is a site offering digital

3

storage and sharing of digital content. The examiner also found on Moore's Samsung phone a log showing the Dropbox link associated with a file called kids(2). The video files were copied into the phone's Dropbox cache when the user of the phone clicked on the Dropbox link kids(2) and played the videos on the cell phone. The examiner found 60 videos on Moore's cell phone in the Dropbox cache area, each of which had been accessed from the internet and played on the cell phone. Thirty-six of these videos each depicted one or more minors engaged in sexually explicit conduct and were produced using minors engaged in such conduct. Some of these videos involved prepubescent minors and minors under the age of 12 years.

## IV. PLEA AGREEMENT

The defendant and the government have entered into a written plea agreement. A copy of the agreement is attached as Attachment A. The terms of the agreement are summarized below:

1. The defendant agrees to plead to Count 1 of the Indictment.

2. At the time of sentencing the government will:

   a. dismiss Counts 2 through 5 of the indictment.

   b. make whatever sentencing recommendation it deems appropriate, and will comment on the evidence and circumstances of the case and bring to the Court's attention all facts relevant to sentencing.

3. The agreement does not limit the government's responses to post-sentencing matters.

4. The defendant understands the statutory maximum sentence.

4

5. The defendant understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased. If the defendant were to commit certain child exploitation offenses while on supervised release, he would serve a minimum of five additional years imprisonment.

6. The defendant agrees to submit a financial statement to the government.

7. The defendant agrees to pay the special assessment of $100 before the sentencing date.

8. The defendant may not withdraw his plea if the Court declines to follow any recommendation, motion, or stipulation by the parties to the agreement. No one has promised or guaranteed to the defendant what sentence the court will impose.

9. In lieu of forfeiture, the defendant agrees to abandon to the government the Samsung cell phone and its contents seized by agents on March 23, 2016, and he affirms that he is the sole owner of the phone.

10. The parties have entered into the following stipulations. It is understood and agreed that: (1) the parties may argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines; (2) these stipulations are not binding upon either the Probation Department or the Court; and (3) the Court may make different factual and legal determinations that increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

    a. The defendant stipulates that on December 30, 2015, he used his Samsung Galaxy smartphone to connect with an internet website

maintained by Dropbox and then streamed and viewed videos on his cellphone that contained visual depictions of minors engaged in sexually explicit conduct, produced using minors engaged in such conduct. The defendant stipulates that when he accessed these files on the internet he knew that they would contain visual depictions of minors engaged in sexually explicit conduct, and he accessed them intending to view images of such conduct.

b. The defendant stipulates that he accessed these files from the internet with the intent to view child pornography through the use of his Samsung Galaxy smartphone, and each visual depiction he viewed had been shipped and transported using a means and facility of interstate commerce, via the internet. Guideline §2G2.2(b)(6) (use of computer) applies.

c. The defendant stipulates that some of the visual depictions files that he possessed as described above contained images of prepubescent children and children under the age of 12 years old engaged in sexually explicit conduct. Guideline §2G2.2(b)(2) (prepubescent minor) applies.

d. The government and the defendant agree that he viewed on or about December 30, 2015, 36 videos that were visual depictions of minors engaged in sexually explicit conduct, produced using

6

        minors engaged in such conduct. Guideline §2G2.2(b)(7)(D) applies.

    e.    The defendant stipulates that on approximately December 23, 2014, he used an internet messaging service to knowingly distribute still images that were visual depictions of minors engaged in sexually explicit conduct, produced using minors engaged in such conduct. Guideline §2G2.2(b)(3)(F) applies.

    f.    The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, and if he continues to accept responsibility through the time of sentencing he will be eligible for a 2-level downward adjustment under Guideline Section 3E1.1(a).

    g.    The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under Guideline Section 3E1.1(b).

11.    If the defendant commits any federal, state, or local crime between the date of this agreement and his sentencing, or otherwise violates any other provision of this

agreement, the government may declare a breach of the agreement, and proceed as set out in the agreement.

12. The defendant waives his right to appeal or collaterally attack his conviction and sentence unless the government files an appeal or unless he claims that the sentence exceeded the statutory maximum, that the court erroneously departed upward or that the sentence was above the final sentencing guideline range and was unreasonable. He may bring certain claims alleging constitutional ineffectiveness of counsel in an action under Section 2255.

13. Filing an appeal or section 2255 motion may constitute a breach of the plea agreement, with exceptions as set out in the plea agreement.

14. The defendant understands that he will be required to register as a sex offender and must keep that registration current under federal and state law. Failure to do so is a criminal offense.

15. The defendant waives any claim under the Hyde Amendment.

16. The defendant waives his right to seek information concerning this case under the Privacy Act or the Freedom of Information Act.

17. The defendant is satisfied with the legal representation provided by his lawyer. The defendant and his lawyer have fully discussed this agreement and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

18. No additional promises, agreements or conditions have been entered into, and none will be entered into unless in writing and signed by all parties.

Respectfully Submitted,

LOUIS D. LAPPEN
Acting United States Attorney

/s/ Albert S. Glenn

ALBERT S. GLENN
Assistant United States Attorney

Date:   April 24, 2017

Attachment A

# ATTACHMENT A

## CERTIFICATE OF SERVICE

I certify that I caused a copy of

## UNITED STATES' PLEA MEMORANDUM

to be served on the below date by mail on the following:

Lloyd E. Long III
Krasner & Long
239 S. Camac St.
Philadelphia, PA 19107

_____
ALBERT S. GLENN
Assistant United States Attorney

Date:      April 24, 2017